FILED
10/4/2022 3:10 PM
Kelly Ashmore
District Clerk
Grayson County

CAUSE NO. CV-22-1249

| | | |
|---|---|---|
| SHARON THOMAS, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | OF GRAYSON COUNTY |
| | § | |
| THE HOME DEPOT USA, INC. D/B/A | § | |
| HOME DEPOT #518, | § | Grayson County - 397th District Court |
| DEFENDANT. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Sharon Thomas ("Plaintiff") files this Plaintiff's Original Petition complaining of and against The Home Depot USA, Inc. d/b/a Home Depot #518 (hereinafter "Defendant" or "Home Depot"), and respectfully shows unto the Court as follows:

### I.
### Discovery Control Plan Level

1. Plaintiff requests that this lawsuit be governed by Discovery Control Plan Level 2, pursuant to Tex. R. Civ. P. 190.3.

### II.
### Rule 47(c) Statement of Monetary Relief Sought

2. Pursuant to Tex. R. Civ. P. 47(c), Plaintiff seeks monetary relief over $1,000,000.

### III.
### Parties and Service

3. Plaintiff is an individual residing in Hinds County, MS.

4. Defendant The Home Depot USA d/b/a Home Depot #518 is a corporation and can be served with process through its registered agent, Corporation Services Company d/b/a CSC-Lawyers Inco, at 211 E. 7th St., Ste. 620, Austin, TX 78701. **Issuance of Citation is requested at this time.**

### IV.
### Jurisdiction and Venue

5. This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this Court. Venue is proper in Grayson County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), because the events and ommissions giving rise to the incident occurred in the county.

### V.
### Factual Background

6. On or about January 28, 2021, in Grayson County, Plaintiff was parked at Defendant's store location. Specifically, she was parked at the docking station for Home Depot #518, located at 601 N Creek Dr, Sherman, TX 75092.

7.    Plaintiff was a regional truck driver who offloads deliveries for Home Depot. When deliveries arrive, Home Depot receivers must open and close the dock doors. The dock doors are rolling, metal, and garage style.

8.    On or about January 28, 2021, at the Home Depot #518 location, Plaintiff was parked and ready to begin offloading the delivery. At the same time as she began offloading the delivery, an employee of Home Depot began opening the metal dock door overhead. While Plaintiff was at the back of her truck/trailer opening its rear gate, the same dock door—contemporaneously opened by the employee of Home Depot—crashed down and struck Plaintiff on the top of the head, throwing her to the ground. The employee that opened the dock door was able to stop the dock door from subsequently falling and crushing Plaintiff's legs. An employee came over to assist Plaintiff. Plaintiff was rushed to the hospital after 911 was called.

9.    Defendant Home Depot was actively negligent by failing to open and close the dock door properly, by failing to secure the rolling, metal, garage-style dock door. Because of this, the dock door rolled back down, crashed onto Plaintiff's head, and threw her to the ground. This caused Plaintiff severe injuries.

10.    At all relevant times material to this litigation, Defendant had the right to control and actually controlled their employees and agents. Defendant acted vicariously by and through the acts or omissions of their employees.

11.    At all relevant times material to this litigation, Defendant owed Plaintiff a legal duty to hire, train, supervise or retain competent employees. Defendant acted directly by the acts or omissions of their employees

12.    At all relevant times material to this litigation, Defendant owed a duty by and through their ownership, management, and control of the area of the premises where Plaintiff was injured. Plaintiff was an invitee on the Defendant's premises for the benefit of both Plaintiff and Defendant. Defendant knew or should have known of the dangerous condition on the premises, a broken/defective dock door. Defendant did not warn Plaintiff of the broken/defective dock door, did not remedy this condition, and continued to receive deliveries at the dock despite the foreseeability of harm posed by the condition—the broken/defective dock door.

13.    At all relevant times material to this litigation, Defendant was actively negligent by and through the acts or omissions of their employees, that negligent activity was contemporaneous with and proximately caused Plaintiff's injuries. Specifically, Defendant continued to use the broken/defective dock door, the employee of Defendant actively opened and closed the dock door, . Because of the negligent opening and closing of the dock door, the employee of Defendant caused Plaintiff's injuries.

## VI.
### Rule 47(a) Statement of Negligence Cause of Action

14.    At all relevant times herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff; the breach of which proximately caused the injuries set forth herein.

15.    At all relevant times herein, Plaintiff was an "invitee," as classified under Texas law at the time of the incident in question. Plaintiff entered Defendant' premises in question for the mutual benefit of Plaintiff and Defendant and/or for a purpose connected with the business of Defendant. Defendant and Defendant's employees had control of the area where Plaintiff was injured.

16. Defendant, Defendant' agents, and employees failed to make the premises reasonably safe by creating and/or maintaining a dangerous condition that resulted in Plaintiff's injuries and damages. If Defendant's employee(s) had either properly secured the garage door; secured the area or warned Plaintiff about the dangerous condition, Plaintiff's injuries and damages could have been avoided.

17. At all times pertinent herein, Defendant, Defendant' agents and employees, who were acting in the scope of their employment, are liable to Plaintiff for their negligent conduct toward the Plaintiff:

   a. In Defendant failing to properly train and supervise its employees and agents to identify and make dangerous conditions safe, which pose an unreasonable risk of injury such as the condition that was created by Defendant's employee(s) and agent(s) who proximately caused Plaintiff's injuries and damages;

   b. In Defendant failing to properly train its employees to properly secure its premises and their doors;

   c. In Defendant, Defendants' employee(s) and agents failing to use due and reasonable care to avoid creating the dangerous condition that caused Plaintiff's severe injuries and damages;

## VII.
### Rule 47(a) Statement of Premise Liability Cause of Action

18. The broken metal door posed an unreasonable risk of harm that the Defendant knew or reasonably should have known of.

19. Plaintiff was an invitee on the premises, working as a delivery driver for the benefit of Defendant and Plaintiff.

20. Defendant failed to warn Plaintiff that the door was dangerous, and/or failed to fully instruct or advise Plaintiff in the manner to safely work near the door.

21. Defendant's breach(es) of their duties directly and proximately caused Plaintiff's injuries.

## VIII.
### Rule 47(a) Statement of Negligent Activity Cause of Action

22. In the alternative, Plaintiff's injuries were the direct and proximate result of the Defendant's ongoing negligent activity, not a premises condition. Specifically, Defendant's decision to continue using the broken metal door, failing to make it safe, and making Plaintiff offload a delivery in the specific area.

## IX.
### Rule 47(a) Statement of General Negligence Cause of Action

23. Defendant owed Plaintiff a duty of reasonable care and disclosure; should have properly installed the garage door; equipped it with safety features; and warned Plaintiff of any dangers in working near it. These breaches directly and proximately caused Plaintiff's injuries.

## X.
### Damages

24. As a result of her bodily injuries, which Defendant's negligence proximately caused, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

a.   Actual medical bills incurred by Plaintiff for which treatment was necessary and for which the amount was reasonable for these types of services in the county Plaintiff was treated;

b.   Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c.   Physical pain sustained in the past found to be reasonable and just by the trier of fact;

d.   Physical pain that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

e.   Mental anguish sustained in the past found to be reasonable and just by the trier of fact;

f.   Mental anguish that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact.

g.   Physical impairment sustained in the past as determined by the trier of fact;

h.   Physical impairment that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

i.   Disfigurement'

j.   Loss of enjoyment of life;

k.   Pre and Post judgment interest; and

l.   Court Costs.

## XI.
### Rule 193.7 Notice

25.   Pursuant to Tex. R. Civ. P. 193.7, Plaintiff hereby gives actual notice that any and all documents produced during discovery may be used against Defendant at any at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document.

## XII.
### U.S. Life Tables

26.   Plaintiff hereby gives notice to Defendant that Plaintiff intends to use the U.S. Life Tables. U.S. Dep't of Health & Human Servs., DHHS Publ'n No. 2019-1120, U.S. Life Tables, 2017 (2019).

## XIII.
### Prayer

27.   WHEREFORE, Plaintiff respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the aforementioned damages, and any other relief, at law or equity, to which Plaintiff will be justly entitled. Tex. R. Civ. P. 47(d).

Respectfully submitted,

**Law Office of Ramon E. Gonzalez, P.C.**

By:     /s/ Ramon E. Gonzalez
        *Ramon E. Gonzalez*
        Texas Bar No. 24097745
        1111 W. Mockingbird Ln., Suite 253
        Dallas, Texas 75247
        Tel: (214) 225-4878
        Fax: (972) 692-5988
        E-Service: service@regonzalez.com
        **COUNSEL FOR PLAINTIFF**

KELLY ASHMORE
**Grayson County District Clerk**
**Justice Center**
**200 S. Crockett**
**Sherman, TX 7090**

PARTY(S) ATTORNEY
Ramon E. Gonzalez
1111 W Mockingbird Lane Ste 253
Dallas TX 75247

# CITATION

### The State of Texas

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**The Home Depot USA, Inc. d/b/a Home Depot #518**
**Registered Agent – Corporation Services Company d/b/a CSC-Lawyers Inco.**
**211 E. 7th Street, Ste. 620**
**Austin, TX 78701**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **397th District Court** of Grayson County, Texas at the Justice Center of said County in Sherman, Texas. Said Plaintiff's Petition was filed in said court on the 4th day of October, 2022 this case, numbered **CV-22-1249** on the docket of said court, and styled:

Sharon Thomas VS. The Home Depot USA, Inc. D/B/A Home Depot #518.

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION. accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 4th day of October, 2022.

**Kelly Ashmore**
District Clerk
Grayson County, Texas

*Jamie Kuil*
Deputy

CV-22-1249

<h2 style="text-align:center">SHERIFF'S RETURN</h2>

Came to hand on _____ day of _____, _____, at
_____ O'clock ____. And executed in _____
County, Texas by delivering to each of the within-named defendant(s), in Person, a true copy of this
citation, having first endorsed thereon the date of delivery, Together with the accompanying true and
correct copy of the Plaintiff's Petition, at The following times and places, to-wit:

| NAME | Date Yr-Day-Yr | Time | Place, Course, Dist from Court House |
|------|----------------|------|--------------------------------------|
|      |                |      |                                      |

Type of Service: Personal   Posting   Publication   Other
Type of Paper: _____

And not executed as to the defendant, _____ the
Diligence used in finding said defendant being _____ and
The cause of failure to execute this process is _____ and
The information received as to the whereabouts of the said defendant _____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

<h3 style="text-align:center">UNSERVED RETURN</h3>

Came to hand on _____, _____at_____ am/pm and was returned un-served to the
issuing court after the following service attempts:

Date/Time            Location        Notes
_____
_____
_____

Fees – Serving _____
_____, County, Texas

_____
Sheriff/Constable/Police Chief

_____
Deputy

<h3 style="text-align:center">VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)</h3>

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public,
by_____, this_____ day of_____, 20_____.

_____